OF

# THE STATE OF NEW JERSEY.

## FEBRUARY TERM, 1910.

MAHLON PITNEY, ORDINARY.

EDWIN ROBERT WALKER, VICE-ORDINARY.

---

In re estate of JANE ANN GOPSILL, deceased.

[Decided May 3d, 1910.]

1. Bequests to religious corporations of a foreign state are subject to the payment of collateral inheritance tax under the law of this state, and are not exempt therefrom under the exemption contained in the amendment to the Collateral Inheritance Tax act (*P. L. 1906 p 432*), which is the only exemption now in force.

2. Although there is no repealer in the said amendment, and repealer by implication is not favored, still repealer by necessary implication is recognized, and the intention of the legislature in this regard, when ascertained, governs.

3. The exemption in the amendment (*P. L. 1906 p. 432*) covers the whole subject of exemptions, clearly indicating an intention on the part of the legislature to establish the latter act as the only enactment.

215

On appeal from an assessment of a collateral inheritance tax

*Mr. Charles D. Thompson,* for the appellants.

*Mr. Edmund Wilson,* attorney-general, for the state.

WALKER, VICE-ORDINARY.

The testatrix, Jane Ann Gopsill, died January 19th, 1909, a resident of New Jersey, and her will was proved before the ordinary. Upon two legacies contained in the will, one of $7,000 to the Board of Domestic Missions of the Reformed Church in America, and the other of $32,500 to the Women's Board of Foreign Missions of the Reformed Church in America, the register of the prerogative court imposed a tax. Both societies are corporations of the State of New York. The question presented upon this appeal is whether these two legacies are subject to collateral inheritance tax under our law, or whether they are exempt.

It is claimed on behalf of the executors of the Gopsill will that these legacies are exempt from the payment of a collateral inheritance tax because they are bequests to religious corporations not confined in their operations and benefactions to local or state purposes, but for the general good of the people interested therein, of the United States or foreign lands, and, as such, are expressly exempted from collateral inheritance taxation under the supplement to the Collateral Inheritance Tax act, approved March 15th, 1898. *P. L. 1898 p. 106.* In 1906 an amendment to the Collateral Inheritance Tax act was passed, which, among other things, provided that all property passing to churches, hospitals and orphan asylums, public libraries, Bible and tract societies, and all religious, benevolent and charitable institutions and organizations shall be exempted from the payment of taxes under the act, but no other exemption of any kind shall be allowed. *P. L. 1906 p. 432.* The exemption contained in the act of 1906 is identical in substance, though different somewhat in phraseology, from that contained in the act of 1894. *Gen. Stat. p. 3339 § 263.* That exemption was held not to extend to corporations located outside of the State of New Jersey. *Alfred*

*University* v. *Hancock, 69 N. J. Eq. (3 Robb.) 470.* In his opinion (at *p. 471*), Vice-Ordinary Reed remarked: "The overwhelming weight of authority is that where the legislature grants exemption from such a tax to corporations or organizations, it includes in the exemption only domestic corporations and organizations." Further on in his opinion the learned vice-ordinary shows that in the States of New York, Massachusetts and Illinois, exemptions from collateral inheritance tax in favor of certain corporations (charitable, religious, &c.) were held to apply only to domestic corporations, and that the supreme court of the United States has sanctioned the doctrine.

By the supplement of 1898, *supra,* all gifts, grants, legacies, bequests and devises to any Bible or tract society or religious institution, boards of the church or organizations thereof, not confined in their operations and benefactions to local or state purposes, but for the general good of the people interested therein, shall not be taxed under the act, whether such societies, institutions or boards are organized under the laws of this state or incorporated and organized under the laws of some other state. As already remarked exemptions under the act of 1894 were held to extend only to domestic corporations. The act of 1898, it would clearly appear, was passed for the express purpose of exempting foreign corporations as well as our own.

There is no repealer in the act of 1906, and admittedly repealer by implication is not favored. Still, repealer by implication is recognized, and the intention of the legislature in this regard, when ascertained, governs. *1 South St. Const. (2d ed.)* § *247.* An intention to repeal certain statutory provisions may be inferred from radical changes in the existing law. *Ibid.* § *255.* And this, as I understand it, applies to different sections of a statute as well as to a whole act. See *State* v. *Menke, 56 Kan. 77, 80; New Jersey Steamboat Co.* v. *Pleasonton, 18 Wall. 478; S. C., 21 L. Ed. 769.* Laws are presumed to be passed with deliberation and with full knowledge by the legislature of the existing law upon the subject. *Landis* v. *Landis, 39 N. J. Law (10 Vr.) 274, 277.*

Now, as the act of 1894 did not exempt foreign corporations from the operation of our collateral inheritance tax, as construed

in *Alfred University* v. *Hancock, supra,* in 1905, and so known to the legislature when the act of 1898 expressly made that exemption (as the result, it seems to me, of the decision in *Alfred University* v. *Hancock*), it clearly appears that a restoration by the legislature of the exemption of 1894, of necessity repeals the exemption of 1898. The exemption in the act of 1906 covers that whole subject, which clearly indicates an intention to establish the latter as the only enactment.

Another rule of construction operates against the appellant, and it is this: "All exemptions from general taxation are to be considered strictly, the resolution in case of doubt being in favor of the rule which subjects all property to a just share of the public burdens." *Rosedale Cemetery Assn.* v. *Linden, 73 N. J. Law (44 Vr.) 422.*

These views lead to the sustaining of the assessment made by the register. The appeal must be dismissed, with costs.