SIDNEY W. ELDRIDGE, ADMINISTRATOR, PLAINTIFF IN ERROR, v. THE PHILADELPHIA AND READING RAILROAD COMPANY ET AL., DEFENDANTS IN ERROR.

Submitted March 25, 1912—Decided November 18, 1912.

1. The one year limitation in actions for death contained in the General Railroad law (*Pamph. L.* 1903, *p.* 674) is superseded and in effect repealed by the Death act of 1907 (*Pamph. L., p.* 386), by which actions for death may be brought at any time within two years, upon the doctrine that when the legislature frames a new and general rule covering an entire subject-matter, all earlier and different rules touching the same matter are to be discarded in favor of such later rule.

On error to the Supreme Court, whose opinion is reported in 51 *Vroom* 478.

For the plaintiff in error, *Clark McK. Whittemore* and *Carrow & Kraft.*

For the defendants in error, *George Holmes* and *John F. Reger.*

The opinion of the court was delivered by

GARRISON, J. Briefly stated, the question is whether the one year limitation for actions for death contained in the fifty-eighth section of the General Railroad law (*Pamph. L.* 1903, *p.* 674) is superseded by the Death act (*Pamph. L.* 1907, *p.* 386), by which actions for death may be brought at any time within two years.

This question is, we think, controlled by the rule that "when the legislature frames a new and general rule covering an entire subject-matter all earlier and different rules touching the same matter are to be discarded in favor of such later rule." *Harrington's Sons Co.* v. *Jersey City,* 49 *Vroom* 610.

In .an earlier case the same rule is thus stated by Chancellor Magie:. "It is the settled doctrine of our courts that general laws, passed in compliance with the constitutional mandate, are to be construed as repealing inconsistent provisions of previous local or special laws, whether they contain an express repealer or not, and if they deal with the subject-matter of such previous laws a legislative intent is disclosed to supersede and abrogate the latter." *Smith* v. *Hightstown,* 42 *Vroom* 536.

We have many other decisions to the same effect.

The application of this rule to the present case does not admit of the slightest doubt. In the Death act of 1907 (*Pamph. L., p.* 386) the legislature by a general law framed a new and different rule covering an entire subject-matter which consisted in the giving of a right of action and of the right to bring such action at any time within the period of two years. That this is a. general law covering the entire subject-matter with which it deals cannot be questioned any more than that it lays down a new and different rule from that contained in earlier statutes; and when these two things concur "all earlier and different rules touching the same subject-matter are," in the language of our decisions, "to be discarded in favor of such later rule." One earlier and. different rule is that contained in section 58 of the Railroad act by virtue of which, if effect be given to it, the right to bring the action within two years given by the Death act of 1907 is curtailed to one year. This is repugnant to the rule we have adopted.

In the Supreme Court the case was thought to be controlled by the decision of that court in *Vail* v. *Easton and Amboy Railroad Co.,* 15 *Vroom* 237, in which it was held that the provision of the special charter of the railroad company that actions for fire damages must be brought in one year was not affected by the subsequent re-enactment of the general statute of limitations. The principle applied was that where the legislature has taken a special class out of the operation of a general law such class is not affected by

the subsequent re-enactment of the law to which they had been made an exception. "This decision," in the language of the opinion below, "controls the present case."

This conclusion fails to note that in the Vail case the special limitation granted to the railroad company was for a less period than that allowed for other actions on the case by the general statute of limitations then in force, thereby showing that the legislature intended to give a different and more favorable statute of limitations than that given by the general statute; whereas in the present case the limitation as to actions for death contained in the fifty-eighth section of the General Railroad law was identical with that contained at the time in the Death act, thereby, upon the reasoning of the Vail case, showing that the legislature intended that the limitation under each statute should be the same, certainly not showing, what was shown in the Vail case, that the legislature intended that the class covered by the Railroad act should have a different and more favorable statute of limitations than that given by the Death act.

There is also another obstacle to the application of the Vail case, and that is that the Death act is not a statute of limitations. The principle laid down by the Vail case had reference to the conflict between two statutes of limitation, one special, the other general, where the special class had been excepted from the operation of the general law. In the present case there is no such conflict, for while section 58 of the Railroad law may perhaps be treated as a special statute of limitations, it is impossible to treat the Death act as a statute of limitations without doing violence to all that has been decided upon that precise point.

It has been repeatedly and consistently held by the Supreme Court that the period within which the action given by the Death act must be brought is an integral part of the remedy given by the statute, not a statute of limitations in the ordinary or general sense. This has been held both in questions of pleading and in matters of substance.

In *County, Adm'x*, v. *Pacific Coast Borax Co.*, 38 *Vroom* 48, it was said: "This special limitation is so closely related to the statutory remedy given as to be a part of it. It is created solely with the object of qualifying the right of action." This language was quoted with approval and applied by Chief Justice Gummere in his opinion in *Lapsley, Adm'x*, v. *Public Service, &c.*, 46 *Vroom* 266; and in *Bretthauer, Adm'r*, v. *Jacobson*, 50 *Id.* 223, he says: "This provision of the Death act is not an ordinary statute of limitations." All of the decisions upon this point are to the same effect.

It is evident, therefore, that the conflict between two statutes of limitations to which the principle of the Vail case might be deemed to be applicable does not exist in the present case in which the conflict is between an earlier statute of limitations of actions for death and a later statute covering the entire subject-matter of such actions and laying down a new and different rule with respect thereto.

The doctrine applicable to such a conflict has been already stated.

The judgment of the Supreme Court should be reversed and judgment upon demurrer entered for the plaintiff in error who was the plaintiff below.

*For affirmance*—BERGEN, J.    1.

*For reversal*—GARRISON, SWAYZE, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY, JJ.    9.