BOARD OF DOMESTIC MISSIONS OF THE REFORMED CHURCH IN AMERICA, PROSECUTOR, v. EDWARD I. EDWARDS, COMPTROLLER.

Submitted July 3, 1913—Decided November 3, 1913.

Bequests and devises to charitable corporations of a foreign state are not exempted from the payment of collateral inheritance taxes by the amendment to the Collateral Inheritance Tax act of 1906 (*Revision; Pamph. L.* 1909, *p.* 325) which, since it covers the entire subject of such exemptions, lays down the sole rule applicable thereto to the exclusion of earlier legislative rules upon the same subject.

On *certiorari*.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the prosecutor, *Collins & Corbin.*

For the defendant, *Theodore Backes* and *Edmund Wilson,* attorney-general.

The opinion of the court was delivered by

GARRISON, J.    The prosecutor is incorporated under the laws of the State of New York as a charitable society and as such claims exemption from the payment of collateral inheritance taxes as legatee and devisee under the will of Susan VanNeste, who died in this state on February 28th, 1912, and whose will was admitted to probate in the county of Middlesex.

This claim is based upon the supplement to the Collateral Inheritance Tax act of 1894, approved March 15th, 1898 (*Pamph. L., p.* 106), which, if still in force, entitles the prosecutor to the exemption claimed by it.

This question was before the Prerogative Court in the case of *In re Estate of Gopsill* (7 *Buch.* 215), in which Vice Ordinary Walker (now Chancellor) held that since the passage of the amendment to the Collateral Inheritance Tax act of

1906 (at *p.* 432) the supplemental act of 1898 was no longer in force. We agree with the Vice Ordinary that the act of 1898 has been eliminated not by its repeal but by its being superseded by later legislation covering the subject-matter. *Eldridge* v. *Philadelphia and Reading Railroad Co.,* 54 *Vroom* 463.

The assessment and tax brought up by this writ are affirmed.