MAYOR, &c., OF THE TOWN OF BOONTON v. GEORGE W. LOGAN, COUNCILMAN-AT-LARGE (CALLED MAYOR) OF SAID TOWN.

Submitted October 1, 1914—Decided October 26, 1914.

1. The supplement to the charter of the town of Boonton (*Pamph. L.* 1872, *p.* 803) provides that all ordinances of the common council shall, before taking effect, receive the approval of the mayor in writing, or else be returned by him to the town clerk within fourteen days after the passage of the same, with a written statement of his objections thereto; and it further provides that in case the mayor shall not return any ordinance so laid before him, within fourteen days after its passage, it shall

take effect in the same manner as if he had approved it. The defendant was elected councilman-at-large of the town, and was executing the duties of the office of mayor, and four ordinances were passed by the council and transmitted to the defendant for his signature or other action, but he simply suppressed them, and held the ordinances without action thereon, and the rule made in this case required the defendant to show cause why he should not be directed to sign the ordinances, and deliver them to the clerk. *Held,* that as the defendant received the ordinances immediately after their passage, and failed to sign or return them within the period provided by the charter, they thereby became valid ordinances, and defendant will be directed to deliver them to the town clerk.

2. Under the charter of the town of Boonton, the mayor was not required to sign ordinances except where he approved of them, and so the writ of *mandamus* will not direct him to sign the ordinances, but only to return them to the town clerk.

3. Upon application for a writ of *mandamus* to the mayor of a town to direct him to sign and return certain ordinances to the town clerk, the question of the validity or invalidity of the ordinances, *per se,* will not be considered, but the same must be tested in appropriate proceedings had for that purpose.

On rule to show cause why a *mandamus* should not issue requiring defendant to sign and deliver to the town clerk of Boonton four specified ordinances duly passed by the town council on May 4th, 1914.

Before Justices SWAYZE, PARKER and KALISCH.

For the relator, *Frank H. Pierce.*

For the defendant, *King & Vogt.*

The opinion of the court was delivered by

PARKER, J. The supplement of 1872 (*Pamph. L., p.* 803) to the charter of Boonton contains these provisions respecting the enactment of ordinances:

"Section 4. That the mayor shall be the chief executive officer of the town; * * * That all ordinances of the common council shall before taking effect receive his approval in writing, or else be returned by him to the town clerk within fourteen days after the passage of the same, with a written

statement of his objections thereto; that he shall sign each ordinance which has been approved by him, after it shall have been engrossed by the town clerk in the book of ordinances;"
\* \* \*

"Section 6. \* \* \* that no ordinance shall be passed except with the concurrence of five members, nor until it shall have been presented and read at a previous meeting; that no ordinance shall take effect until a copy thereof, certified by the town clerk, shall within two days after its passage have been laid before the mayor and approved by him, in writing, except in cases hereinafter provided; that in case the mayor shall not return any ordinance, so laid before him, within fourteen days after its passage, it shall take effect in the same manner as if he had approved it as aforesaid, and that in case he shall return it to the town clerk within the time above named, with a written statement of his objections thereto, the common council shall, at the first regular meeting thereafter, enter such objections at length on the record of their proceedings and may then proceed to reconsider and pass such ordinance by a vote of two-thirds of their whole number; and then it shall take effect as aforesaid," \* \* \*

By the act of 1907 it would appear (although we do not so adjudicate, the question not being before us) that the former office of mayor under the charter was superseded and that in his place there was created a councilman-at-large, who is to preside at and participate in the meetings of the council, having a vote therein. This councilman-at-large is "to be called mayor," and by the act of 1907 is required to "sign all ordinances, warrants, bonds, contracts and all other official documents and instruments of said incorporated town by said title."

The defendant was elected councilman-at-large, and at the time now in question was exercising the duties of that office, no one claiming to be mayor under the charter. The four ordinances in question were passed by the council over the opposing vote of the defendant as councilman-at-large; it appears that they were transmitted to him in due course for signature or other action, and that he simply suppressed them,

having neither endorsed his approval nor returned them with his disapproval, or without action; they are still in his possession, and the rule made in this case requires him to show cause why he should not be directed to sign and deliver them to the town clerk.

Counsel for the relator insists that under the act of 1907 the councilman-at-large is merely a ministerial officer, and that his sole duty with reference to these ordinances, consists in affixing his signature to them as an authentication of their official character and genuineness; hence the phraseology of the rule requiring him to sign them and deliver them to the clerk. We cannot say that the duty of signing them is plain. We think it is plain that the councilman-at-large is at least required to do what the mayor was to do, namely, consider ordinances presented to him, and if he approves them, so indicate in writing; if he disapproves them, to return them with his reasons for such disapproval; and we think it is also plain that failing either action on his part the ordinances become as effective at the end of fourteen days as though he had approved them.

The facts in this case show that the ordinances were presented to him immediately after the council passed them and that no action has been taken thereon.

Section 6 of the supplement of 1872 seems to require only a certified copy of the ordinance to be delivered to the mayor. apparently to guard against the very contingency that has arisen in this case. But if the clerk erroneously presented the originals, as by the evidence he seems to have done, the statute was substantially satisfied. No point has been made of this, and it would be unduly technical to defeat the action of the council on such ground. We consider that by the receipt of the ordinances at the time stated, and the failure of the mayor to sign or return them within the fourteen days, they became valid ordinances, so far as the procedure of their enactment is concerned, and should be enrolled in the books of the town.

But we do not think the mayor should be directed to sign them. Under the charter, the mayor was not required to sign ordinances except in cases where he approved of them; and

our construction of the act of 1907 is that so far as signature is concerned, it intends to provide only in what manner the councilman-at-large shall sign documents that require signature on behalf of the town. This appears from the language prescribing that he shall be "called mayor" and shall sign all ordinances, contracts, &c., of the town "by said title."

The writ is resisted on the sole ground that each and every of the ordinances is invalid and would necessarily be so adjudicated by a court of competent jurisdiction. But with this, in the present case, we have nothing to do; nor has the councilman-at-large anything to do with this question at this juncture. If, upon the ordinances being presented to him, he considered that they were invalid for any reason, it was his duty to say so at that time, by returning them to the council with a statement of his objections to them. That was not only his right but his duty in the premises; but as he allowed the fourteen days to pass without stating any such objections, he could not now be heard to say that they are legally invalid as a reason for not delivering them. If there is any invalidity or illegality in these ordinances, the question must be raised in some other way.

A peremptory writ will be awarded requiring the defendant to surrender these ordinances to the town clerk to proceed therewith according to law.