DANIEL HERRMANN, RESPONDENT, v. TOWN OF GUT-
TENBERG, IN THE COUNTY OF HUDSON, APPEL-
LANT.

Argued November 28, 1914—Decided March 1, 1915.

Prior to the passage of the act of 1907 (*Pamph. L., p.* 121) the town of Guttenberg elected at large five members of the board of councilmen, under the provisions of its charter and supplementary legislation. The act of 1907 provided for the election of a councilman-at-large, to be called mayor, in each of the incorporated towns of the state. *Held,* that the act of 1907 does not operate to reduce the number of the board of councilmen to be elected by the town, and that the election of but four councilmen created a vacancy which it was competent for the board of councilmen to fill.

---

On appeal from the Supreme Court.

For the respondent, *Warren Dixon.*

For the appellant, *J. Emil Walscheid.*

The opinion of the court was delivered by

MINTURN, J.  Under the provisions of its charter (*Pamph. L.* 1859, *p.* 199) and the amendments and supplements thereto, the town of Guttenberg was empowered to elect five councilmen-at-large for terms of two years, divided into classes, one class consisting of three councilmen, and the other of two.  One of these classes was alternately elected for two years.

In 1875 (*Pamph. L.* 1875, *p.* 613) an act was passed which enabled the board of councilmen in case of a vacancy, by resolution to appoint a person to fill the unexpired term thereof.  In 1907 an act was passed (*Pamph. L.* 1907, *p.* 121) which provides as follows:  "In each of the incorporated towns of this state there shall be elected at the election at which other town officers are elected by the legal voters of such incorporated town a councilman-at-large, to be called mayor, who shall hold his office for the term of two years from the first day of January following the date of such election, and who shall be a resident of said incorporated town.  The said mayor shall possess and exercise all the powers of a member of the Common Council or Board of Aldermen of such incorporated town, and shall, in addition thereto, by virtue of such election, be president of said Common Council or Board of Aldermen, and shall sign all ordinances, warrants, bonds, contracts, and all other official documents and instruments of such incorporated town by said title."

The abolition of spring elections in towns changed the election of councilmen to November, and made their terms of office expire on January 1st of each year.  In the fall of the year 1907, the board of councilmen consisted of five members; the terms of three of whom expired on January 1st, 1908, and the terms of the remaining two on January 1st, 1909.  At the election of 1907 a mayor was elected pursuant to the provisions of the act of 1907, but a construction

was then given to the latter act which resulted in the election of a board of but four councilmen in alternate terms of two years, who with the mayor constituted the board of councilmen. On July 27th, 1914, the latter board adopted a resolution reciting the fact that this situation created a vacancy in the office of councilman, and one Frederic Buesser was appointed to fill the vacancy until the first day of January, 1916. This resolution upon review by the Supreme Court, upon a writ of *certiorari* was set aside as illegal, and from that determination this appeal was taken. We think the act of 1907 is applicable to the town of Guttenberg, since that municipality is an incorporated town and quite manifestly is subject to legislation of this general character, affecting towns. *Herman* v. *Guttenberg*, 63 *N. J. L.* 616.

The act in question contains nothing of a restrictive or qualified character by way of repealer or otherwise, which can be said to limit its application or qualify its scope, so as to place the town of Guttenberg beyond its purview, in executing the legislative intent that it shall apply "in each of the incorporated towns of this state."

This view renders it unnecessary to determine the legal propriety of the procedure adopted to review the resolution in question, since the determination that a vacancy existed, and that Buesser was legally appointed to fill it, requires only that the proceedings to review the resolution regardless of their form shall be dismissed.

The judgment of the Supreme Court will therefore be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, WILLIAMS, JJ. 11.