IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### FEBRUARY TERM, 1917.

---

FREDERICK E. BAUER, PROSECUTOR, v. TOWN OF WEST HOBOKEN ET AL., RESPONDENTS.

Argued November 10, 1916—Decided March 5, 1917.

1. The statute of 1911, entitled "An act to authorize any incorporated town in this state to purchase fire engines, or other fire apparatus, equipment and appliances, for protection against fire, and to provide a method for raising money for the payment thereof," as amended March 28th, 1912 (*Pamph. L., p. 378*), was not intended to curtail the powers conferred by the General Town act (*Pamph. L.* 1895, *p.* 218) with reference to that subject, but was intended to enlarge such powers, by permitting the issue of bonds where the purchase of fire apparatus was reasonably necessary, but other pressing expenditures made it inadvisable to provide the moneys necessary for the purchase out of the annual tax levies.

2. Where a bid for a municipal contract is open to the world for competition, and everyone has an equal chance of success in obtaining the award, the fact that the successful bidder has no competition cannot operate to deprive the municipality of its right to award the contract.

3. The fact that one particular bidder is able to comply with the specifications for municipal work at less expense than other concerns affords no ground for refusing to the municipality the right to obtain the best material or work that skill and ingenuity can produce.

On *certiorari*.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCH-
ARD and BLACK.

For the prosecutor, *Frederick K. Hopkins.*

For the respondents, *John J. Fallon* and *Edwin F. Smith.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The *certiorari* in this case
brings up for review an ordinance of the town council of
West Hoboken, adopted August 23d, 1916, providing for the
purchase of certain fire apparatus, and proceedings subse-
quent thereto and in execution thereof.    The amount pro-
posed to be expended under the ordinance was limited therein
to $17,800, and the payment was to be made out of the taxes
assessed and collected for the year 1916.

The principal attack upon the ordinance is that it is *ultra
vires* the town council, because in violation of an act ap-
proved April 15th, 1911, and entitled "An act to authorize
any incorporated town in this state to purchase fire engines,
or other fire apparatus, equipment and appliances for pro-
tection against fire, and to provide a method for raising
money for the payment thereof," as amended March 28th,
1912.    *Pamph. L., p.* 358.    This act provides for the pur-
chase of fire engines and other apparatus at a cost not to
exceed $15,000, and the issuing of bonds in that amount to
raise the money necessary to pay the purchase price.

In determining the scope of this statute it is to be borne
in mind that the power to purchase fire apparatus by the
governing bodies of incorporated towns was not originally
conferred by it, but by "An act providing for the formation,
establishment and government of towns," approved March
7th, 1895 (*Pamph. L., p.* 218), the forty-seventh section of
which authorizes such municipal body "to provide for, estab-
lish, regulate and control a fire department, and to establish
rules for the government thereof, and to provide engines and

other fire apparatus, and the care and repair" thereof. Section 52 of the act authorizes the town council to pass ordinances appropriating and providing for raising by taxation, moneys for certain specified purposes, among which is "the maintenance of the fire department." The town of West Hoboken was formed and established under this general law, and upon its establishment had full power and authority to pass ordinances for the purposes enacted in the sections just quoted. The statute of 1911, as amended in 1912, was not intended to curtail the powers conferred by the general Town act, but to enlarge them; to permit these municipalities, in cases where the purchase of fire apparatus was reasonably necessary, but other pressing expenditures made it inadvisable to provide the moneys necessary for the purchase thereof out of the annual tax levy, to issue bonds, within the amount limited by the statute, for the raising of money to make such purchase. The two statutes are to be construed together, and each one to be given full force and effect, unless a legislative intent is clearly exhibited in the later act to repeal the provisions of the earlier one. No such intent is exhibited in the statute of 1911. The provision of section 5 thereof, that all acts and parts of acts conflicting or inconsistent therewith "be and the same are hereby repealed," does not do so, because, as we have already pointed out, the two statutes do not conflict with, nor are they inconsistent with each other.

The next ground of attack upon the proceedings under review is that the contract entered into pursuant to the ordinance was invalid, because it was not awarded to the lowest bidder. The return to the writ shows that the contract was duly advertised in accordance with law, with proper specifications, and that the advertisement produced but one bid, that of the American La France Fire Engine Company, the party to whom the contract was awarded. The idea of the prosecutor seems to be that where municipal advertisements calling for bids for the furnishing of supplies to the municipality only produce a response from one bidder, it is illegal to award the contract. But we think there is no foundation for such a contention. Where the bid is open to the world

for competition, every one having an equal chance of success in obtaining the award, the fact that the successful bidder has no competitors cannot operate to deprive the municipality of its right to purchase. The legislature requires that where there are several bidders the award shall be to the lowest responsible one; but it does not prohibit the city from entering into a contract with the lowest bidder, when he is the only one who has responded to the advertisement. And the reason for this is quite plain, for to put such a limitation upon the power of the municipality might frequently operate to prevent it from promptly obtaining supplies which were presently necessary for the purpose of properly carrying on municipal affairs.

One other ground is set up for the nullifying of the proceeding under review, namely, that the specifications for the fire apparatus were so drawn as to absolutely prohibit competition, for the reason that they described characteristics which were present in the product of the American La France Fire Engine Company, but were absent from the output of any other concern manufacturing fire apparatus. The proof in the case, however, shows that all manufacturers of fire apparatus could readily construct the machines described in the specifications if they saw fit to do so. It may be that the American La France Fire Engine Company is able to construct them at a less expense than other concerns; but, conceding this to be true, it affords no ground for refusing to the town of West Hoboken the right to obtain the very best fire apparatus that skill and ingenuity can produce.

The proceedings under review will be affirmed.