GEORGE C. WINNE, RELATOR, v. ANTHONY CASSALE, RESPONDENT.

Argued February 9, 1924—Decided February 19, 1924.

1. By section 32 of the Town act (*Comp. Stat.*, p. 5526) the term of the recorder is fixed at two years, and by chapter 187 of the laws of 1921 (*Pamph. L.*, p. 503) the term of the recorder is fixed at five years.

2. W. was appointed recorder of the town of Kearny on January 2d, 1922, and upon his death the relator was appointed for the unexpired term. On January 1st, 1923, the respondent was appointed recorder by the town council for a "full legal term." There was no expressed repealer in the latter statute of the section of the Town act fixing the term of the recorder. *Held*, that the act of 1921 is permissive and does not operate *per se* to repeal the provisions of the Town act, relating to recorders; that inasmuch as the appointing power of the town of Kearny had never accepted the latter act as a substitute for the former, and in the appointment of the relator failed to take advantage of its provisions, the term of the relator expired in two years from the date of the appointment of the recorder who had died.

On demurrer to an information in the nature of a *quo warranto*.

For the relator, *Harry Lane*.

For the defendant, *Merritt Lane*.

Before Justices MINTURN and BLACK.

The opinion of the court was delivered by

MINTURN, J. The pleadings disclose that on January 2d, 1922, the council of the town of Kearny, by resolution, appointed Leonard A. Wimmer, recorder for the "full legal time." A copy of the resolution set forth that the said Wimmer died in the month of May, 1923, and on June 13th, 1923, a resolution was adopted by the town council appointing the relator for "the unexpired term."

That on January 1st, 1924, the town council appointed the respondent recorder for a "full legal term." The ques-

tion in controversy therefore is what is the full legal term of the office of recorder of the town of Kearny.

The respondent contends when Mr. Wimmer was appointed recorder, on January 2d, 1922, that his term of office was for a period of two years, and that the relator having been appointed to fill the unexpired term that his term of office expired January 1st, 1924.

The relator contends that when Mr. Wimmer was appointed recorder, on January 2d, 1922, his term of office was for a period of five years, and that therefore relator's term of office does not expire until January 1st, 1927.

Under chapter 187 of the laws of 1921 (*Pamph L.* 1921, *p.* 503), which is an act entitled "An act relative to recorders in towns," the term of the recorder is fixed at five years.

Under section 32 of the Town act (*Pamph. L.* 1895, *p.* 218; *Comp. Stat., p.* 5526) the term of the recorder is fixed at two years. Under section 19 of the Town act, and also under section 5 of chapter (3) of the laws of 1905 (*Pamph. L.* 1905, *p.* 15) it is provided that a vacancy shall be filled by the town council for the unexpired portion of the term of the office.

The contention of the respondent is that the act of 1921 is permissive only, and that the town council had the election to appoint a recorder for either a term of two years under the Town act or a term of five years under the act of 1921.

The act of 1921 is as follows: "It shall be lawful for the governing body of any town in this state by resolution to appoint a recorder, who shall hold office for a term of five years from the the first day of January of the year of his appointment, and who shall receive such compensation as said governing body shall by law fix."

2. "*Such* recorders shall have the same jurisdiction, power and authority in criminal matters, cases of bastardy, relief, removal and settlement of the poor, breaches of the peace, vagrancy and disorderly conduct, and violations of municipal

ordinances as is by law conferred upon justices of the peace and police justices in towns."

The act of 1921 was construed in another aspect in this court in *Duff, Relator,* v. *Walter,* decided on June 8th, 1922; but it was therein declared that the act was not inconsistent with the provisions of the Town act concerning recorders, and that both acts might stand. The act of 1921 contains no repealer, and under familiar rules, unless it be absolutely inconsistent with the provisions of the Town act, we must assume that it was not the legislative intent to *pro tanto* repeal the latter act. *Terrone* v. *Harrison,* 87 *N. J. L.* 541; *McNeeley* v. *Woodruff,* 13 *Id.* 352.

The Town act had been adopted upon a referendum by the people of the town and provides a general and substantial scheme of local government, and we must assume that if its provisions in any material aspect were to be subsequently changed by legislative edict the repealing measure would be at least positive and certain in its provisions and leave nothing to conjecture. In their previous appointments the town officials never accepted the latter act as a substitute for the provisions of the Town act, and their previous contemporaneous construction, guided doubtless by legal advice, helps to emphasize the inapplicability of the act to this situation. The words "may" or "shall be lawful" are not, as contended, in public matters always indicative of a mandatory legislative purpose. Their application in that sense depends always upon the legislative intent, gathered from the entire context of the law, and in the absence of such an intent their use will be construed as permissive only. *McDonald* v. *Freeholders, ante p.* 170.

If it were the desire and intent of the local appointing power to give effect to the provisions of the act of 1921 they could have conveniently so expressed themselves. The fact that they failed to expressly take advantage of the act is rather convincing that it was not their intention to accept its provisions, as a substitute for the provisions of the Town act. Nor shall we assume, in the absence of an express mandatory provision, or of an express repealer, neither of which this act

of 1921 contains, that the legislature intended to impose this legislation *nolens volens* upon a municipality which had previously, by express popular declaration, accepted the provisions of an organic act, applicable to all departments of town government, and, presumably, intended to satisfy local government requirements. A repeal of any provision of such an act adopted under such solemnity may, of course, be enacted; but to be accepted as such its language must be clear and decisive or at least more than permissive. *Seiple* v. *Elizabeth,* 27 *N. J. L.* 407; *Morris* v. *Bayonne,* 53 *Id.* 299.

Our conclusion, therefore, is that the act of 1921 is permissive in its operation, and that it does not operate *per se,* to repeal the provisions of the Town act relative to recorders; that its non-acceptance by the appointing power, in this instance, is indicated by the failure of that body to so expressly provide in the resolution appointing the relator, as well as failure in previous years of the appointing power to expressly take advantage of its provisions, as a mandatory substitute for the Town act.

The result is that the demurrer to the plea must be overruled, with costs, and judgment awarded in favor of the defendant as the legal occupant of the office, and against the relator.