JOHN H. O'NEILL, PROSECUTOR, v. ENOCH L. JOHNSON, CLERK OF THE SUPREME COURT, AND FRANK HAGUE, MAYOR, ETC., RESPONDENTS.

Submitted December 3, 1923—Decided February 19, 1924.

1. Every statute must be considered according to what appears to have been the intention of the legislature, and even though two statutes relating to the same subject be not, in terms, repugnant or inconsistent, if the later statute is clearly intended to prescribe the only rule which should govern the case provided for, it will be construed as repealing the earlier act.

2. The object and effect of chapter 170 of laws of 1917 (*Pamph. L., p.* 504) was to terminate the provisions for review in a summary way by a justice of the Supreme Court contained in chapter 120 of the laws of 1915 (*Pamph. L., p.* 209), and to substitute as the sole method of such summary review the proceeding before the civil service commission provided by the act of 1917.

On *certiorari,* &c.

Before Justices TRENCHARD and CAMPBELL.

For the prosecutor, *Warren Dixon.*

For the respondents, *Thomas J. Brogan.*

The opinion of the court was delivered by

TRENCHARD, J. This writ of *certiorari* brings up for review the proceedings instituted by the prosecutor before Mr. Justice Swayze, by virtue of the provisions of chapter 120 of the laws of 1915 (*Pamph. L., p. 209),* which is a supplement to the Civil Service act of 1908. *Pamph. L., p.* 235.

At the hearing thereof Mr. Justice Swayze considered that chapter 120 of the laws of 1915 was repealed by chapter 170 of the laws of 1917 (*Pamph. L., p. 504),* which likewise is a supplement to the Civil Service act of 1908, and accordingly dismissed the petition. The legal propriety of that action is challenged by this writ.

We are of the opinion that the order was right.

In framework, the acts of 1915 and 1917 are very similar, and in many respects quite alike.

Both provide for a summary review of any illegal or unlawful action of any municipal board or body, or any public officer, official or employe, in violation of any of the provisions of the Civil Service act, in the matter of selecting persons for employment, or in the designation of any employe for appointment, or in the removal of employes from office.

·The act of 1915 provides that such review may be had by any citizen of the state "presenting a petition to one of the justices of the·Supreme Court of this state, which said petition shall be verified," and further provides for the hearing and determination thereof before such justice. ·

The act of 1917 provides that such review may be had by any citizen of the state "presenting a petition to the civil service commission setting forth the particulars in which it is claimed the provisions of said act have been violated, which petition shall be verified by affidavit," and further provides for the hearing and determination thereof before such commission.

A careful comparison of the two acts makes it clear that the object of the act of 1917 was to terminate the provisions for the review in a summary way by a justice of the Supreme Court contained in the act of 1915, and to substitute as the sole and only method of such summary review the procedure before the civil service commission. Manifestly it was not the legislative intention that both acts should stand together.

This would be unquestionable were it not for the fact that in the act of 1917 there is no repealing clause. But the legislature may express its will in any form, affirmative or negative, that it pleases, so long as it does not transgress any constitutional prohibition. It is under no obligation to use words of express repeal. It is true that implied repealers are not favored.in the law. But it is also true that every statute must be considered according to what appears to have been the intention of the legislature, and even though two statutes relating to the same subject be not, in terms,

NOVEMBER TERM, 1923.          319

99 N. J. L.    Phillipsburg Transit Co. v. State Bd. Taxes, &c.

repugnant or inconsistent, if the later statute is clearly intended to prescribe the only rule which should govern the case provided for, it will be construed as repealing the earlier act. *Roche* v. *Jersey City*, 40 *N. J. L.* 257; *Anderson* v. *Camden*, 58 *Id.* 515.

This rule does not rest strictly upon the ground of repeal by implication, but upon the principle that when the legislature makes a revision of a particular statute, and frames a new statute upon the subject-matter, and from the framework of the act it is apparent that the legislature designed a complete scheme for this matter, it is a legislative declaration that whatever is embraced in the new law shall prevail, and whatever is excluded is discarded. It is decisive evidence of an intention to prescribe the provisions contained in the later act as the only ones on that subject which shall be obligatory.

The order of dismissal brought up will be affirmed, with costs.