GEORGE C. WINNE, APPELLANT, v. ANTHONY CASSALE, RESPONDENT.

*Argued June 2, 1924—Decided October 20, 1924.*

1. Chapter 187 of the laws of 1921 (*Pamph. L., p.* 503), relating to the office of recorders in towns, did not repeal the provisions in the "Town act" of 1895 (*Comp. Stat., p.* 5518), which creates the office of recorder in towns which are governed by its provisions, and fixes the term thereof.

2. When a later statute is not necessarily repugnant to a former one, but may be treated, under a fair construction, as cumulative, so that both may stand together, the intent to repeal will not be implied from the fact that the later legislative provision differs from the earlier.

On appeal from the Supreme Court, whose opinion is reported in 99 *N. J. L.* 345.

For the appellant, *Wall, Haight, Carey & Hartpence.*

For the respondent, *Merritt Lane.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This case came on to be heard before the Supreme Court on a demurrer to a plea filed to an information in the nature of a *quo warranto.*   The question presented for decision was the right to the office of recorder of the town of Kearny, the contention of the relator being that the title to the office was in him and that the defendant was in the wrongful possession of that office; and the defendant asserting the contrary.   The material facts disclosed by the pleadings are that on January 2d, 1922, one Leonard Wimmer was appointed by the governing body of the town of Kearny as recorder of that municipality "for the full legal time;" that he duly qualified and discharged the duties of that office until his death, which occurred in May, 1923; that on June 13, 1923, Winne, the relator, was duly appointed recorder "for the unexpired term," and immediately qualified and entered upon the performance of the duties of the office; that on January 1st, 1924, the governing body appointed Cassale, the defendant, to the office "for the full legal term," and that the latter thereupon took possession thereof and has ever since continued to occupy the same and perform the duties attached to it.

The rights of the parties depend upon the determination of the term for which Leonard Wimmer was appointed recorder in January, 1922.   As has already been stated, the appointment was for the "full legal time;" and the contention of the relator is that the term of his predecessor was for a period of five years from the date of his appointment, basing this contention upon a provision of chapter 187 of the laws of 1921 (*Pamph. L.,* p. 503), entitled "An act relating to recorders in towns;" while the defendant contends that the term is fixed at two years by what is known as the Town act of 1895 (*Comp. Stat.,* p. 5518),

under which the government of the town of Kearny is conducted; and that this statutory provision was in force at the time of the appointment of Wimmer, not having been modified or repealed by the statute of 1921. The Town act of 1895 provides a complete scheme of municipal government, creating the machinery by which all municipalities coming under its provisions should be operated. It designates the several officers of such municipalities, defines their powers and duties and fixes the terms for which they shall respectively hold office. One of the offices thus created is that of recorder. The term of that office is fixed at two years, and the jurisdiction, powers and duties of the incumbent thereof are specified with great particularity. The statute contains a referendum, by the terms of which the voters of any municipality are granted the right to determine whether or not the government of such municipality shall be carried on under its provisions; the inhabitants of the then township of Kearny in the year 1899 exercised this right and adopted by a majority vote the governmental scheme provided by the statute, and have ever since carried on their government thereunder. In the year 1921, however, the legislature, as has already been stated, enacted the statute entitled "An act relative to recorders in towns," which provides that "It shall be lawful for the governing body of any town in this state by resolution to appoint a recorder, who shall hold office for a term of five years from the 1st day of January of the year of his appointment." Was it the purpose of the legislature, by this enactment, to repeal the provision of the General Town act fixing the term of the office of recorder in municipalities which had adopted the governmental scheme created thereby, and to substitute a different provision in the place thereof? We think not. There is nothing in the language of the title, or of the body of the act, which expressly indicates such an intent. Nor do we find anything therein which is necessarily repugnant to the provision of the earlier act. In the year 1921 there were in this state numerous towns, such as Belvidere, Morristown and Dover, the government of which was carried on under special char-

ters, and in which there was no such office as that of re-
corder. These towns have been collated in an interesting
compilation lately published by Dr. Carlos E. Godfrey, the
director of the public record office of the state. That the
courts of the state will take judicial notice of the existence
and form of government of such towns cannot be doubted.
See 16 *Cyc.* 907, 910. The language of the statute of 1921
is appropriate to confer upon such towns the power to create
the office of recorder as an *addendum* to their governmental
machinery; and that it was the legislative purpose to confer
upon each of such towns this power rather than to repeal
a provision relating to offices then in existence, and to sub-
stitute a new provision in the place thereof, we think, is
made clear by a consideration of the rule of statutory con-
struction which declares that where the later statute is not
necessarily repugnant to the former, but, on a fair construc-
tion, may be treated as cumulative, so that both acts may
stand together, the intent to repeal will not be implied from
the fact that the later legislative provision differs from the
earlier. This rule of construction is so thoroughly estab-
lished that citation for its support is unnecessary. The
cases in which it has been declared and followed in our own
courts will be found collected in an opinion delivered by Mr.
Justice Pitney, in *Hotel Registry Corp.* v. *Stafford,* 70 *N. J.
L.* 528, 537.

It is interesting to note (although perhaps not material)
that the purpose which we have ascribed to the legislature
in the enactment of the statue under consideration was un-
doubtedly that which was present in the mind of the intro-
ducer of the bill as the inducing cause of his action. The
introduction was in the house of assembly. At that time
there was a standing rule of the house requiring that "each
member when introducing a bill shall submit with each copy
of the bill a statement setting out the objects proposed to be
accomplished by its enactment and the localities or persons the
bill will affect." *Standing rule 71, Fitzgerald's Legislative
Manual of* 1921, *p.* 561. In compliance with the mandate
of that rule, the introducer of the bill appended to it a state-

ment that "the object of this bill is to permit towns like Morristown to appoint a recorder to take care of violations of ordinances, issue warrants, etc." This appears from the bill as originally introduced, and now on file in the office of the state librarian. It is, of course, true that the object which the introducer of a bill seeks to accomplish by its passage is not necessarily the object which the legislative body seeks to accomplish by its enactment. The fact adverted to, however, seems significant.

The conclusion which we reach from a consideration of the statutes we have discussed is that the provision of the General Town act of 1895 fixes the term of the office of the recorder of the town of Kearny; that the appointment of Mr. Wimmer was for a term of two years, which expired on the 1st of January, 1924; that the appointment of the relator, Winne, was for only so much of that time as remained after the death of his predecessor; and that Cassale, the defendant, was legally appointed to the office on the 1st of January, 1924.

For the reasons indicated, the judgment under review will be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Kalisch, Katzenbach, Campbell, Lloyd, White, Van Buskirk, Clark, McGlennon, Kays, JJ. 13.

*For reversal*—None.