STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MI-
CHAEL CORTESE, PLAINTIFF IN ERROR.

Argued October 26, 1927—Decided February 6, 1928.

For the plaintiff in error, *Harold Simandl.*

For the defendant in error, *Joseph L. Smith,* prosecutor of
the pleas (*John O. Bigelow,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff in error, Michael Cortese,
was convicted in the Essex County Special Sessions Court
for carrying, on February 1st, 1925, a pistol in and about his
person in violation of chapter 137 of *Pamph. L.* 1924, *p.* 305.
The Supreme Court affirmed that conviction, and this writ
of error brings up for review that judgment.

The defendant contended at the trial that he had a valid

permit for carrying a pistol, and that was his contention in the Supreme Court and is his contention here.

At the outset we point out that in the circumstances of the present case we are not concerned with the several amendments of the act of 1924 to be found in *Pamph. L.* 1925, *p.* 185; *Pamph. L.* 1925, *p.* 494; *Pamph. L.* 1926, *p.* 453, and *Pamph. L.* 1927, *p.* 183.

The indictment, as we have indicated, was drawn under chapter 137 of the laws of 1924. That statute, after exempting certain named officials, enacts:

"1. Any person who shall carry any revolver * * * in or about his clothes or person * * * shall be guilty of a high misdemeanor; * * * provided further, nothing in this act contained shall be construed to apply to any person holding a permit to carry any revolver, pistol or other firearm, when such permit has been obtained pursuant to the provisions of this act."

In support of his contention that he had a valid permit, the defendant at the trial put in evidence an alleged permit which was not dated, but which he contended was issued to him on February 11th, 1924, pursuant to the authority conferred by chapter 138 of *Pamph. L.* 1922, *p.* 238, and which permit purported to be signed by the mayor of the city of Newark, and on its face authorized the defendant to carry a revolver "for a period of one year, unless sooner revoked."

The Supreme Court assumed, for the purpose of its decision, that the signature to such permit was genuine, but pointed out that the act of 1922, under which it purports to have been granted, provides that a permit shall become void at the expiration of ten days after its issuance unless during that period it is recorded in the office of the county clerk. And the court, finding no evidence of such recording, concluded that the permit was void on February 1st, 1925, the date of the offense, and hence affirmed the conviction.

We have not found it necessary to consider the ground thus taken by the Supreme Court. Regardless thereof, we consider the conviction and judgment right upon more fundamental grounds that we will now state.

For the purpose of this decision we assume that the permit

was actually issued under the act of 1922 (*Pamph. L., p.* 238), and we do not stop to consider the suggestion that it was ineffective in the particular circumstances because issued by the mayor instead of by the chief of police. We assume that the permit was issued February 11th, 1924, and that it was valid when issued, as contended by the defendant, but we conclude that it had been terminated July 1st, 1924, by the statute of 1924. *Pamph. L., p.* 305. That act was approved March 11th, 1924, but did not take effect until July 1st. The legislature thereby gave citizens ample opportunity to become familiar with its provisions and to comply with them. It denounces in general terms the carrying of a revolver and by a proviso excepts from its provisions any persons holding a permit which *"has been obtained pursuant to the provisions of this act."* It does not except persons holding permits under prior acts.

The legislature could not have been more emphatic in refuting the contention of defendant that a permit under the act of 1922 gave immunity from prosecution under the act of 1924. That act of 1924 dealt with the same matters as the act of 1922, both acts forbidding the carrying of concealed weapons without a permit therefor, prescribing the procedure to obtain such permit, and providing a penalty for violation. Those acts were plainly repugnant and inconsistent. The act of 1924 limited the power to grant a permit to justices of the Supreme Court, whilst the act of 1922 conferred such power upon the judge of the Court of Common Pleas and various municipal officials. A careful comparison of the two acts makes it clear that the object and effect of the act of 1924 was not only to terminate the grant of power to issue permits contained in the act of 1922 and to substitute therefor the power contained in the act of 1924, but also to terminate on July 1st, 1924, the permits which had been granted under the act of 1922. A permit to carry a revolver does not create a vested right which may not be revoked by the legislature. It is a mere police measure, and the legislature may, at any time, avoid such permit, and this it may do by a statute indicating such purpose, repealing the law which authorized the grant of the permit. 37 *C. J.* 168, 214. That, as we

have indicated, the legislature did by the act of 1924. The act of 1922 provided that a person carrying a concealed weapon without a permit should be guilty of a mere *misdemeanor,* whilst by the act of 1924 the offense was made a *high misdemeanor.* Manifestly it was not the legislative intention that both the acts should stand together.

This would be unquestionable but for the fact that the act of 1924 contained no repealing clause. But, as was pointed out in *O'Neill* v. *Johnson,* 99 *N. J. L.* 317, the legislature may express its will in any form, so long as it does not transgress any constitutional prohibition. It is under no obligation to use words of express repeal. It is true that implied repealers are not favored in the law. But it is also true that every statute must be considered according to what appears to have been the intention of the legislature, and when two statutes relating to the same subject are repugnant or inconsistent, and the later statute is clearly intended to prescribe the only rule which should govern the case provided for, it will be construed as repealing the earlier act.

The second and last contention of the defendant is that there was no evidence that he intended to carry the weapon unlawfully. We find no merit in that contention.

He intentionally carried the weapon in and about his person, without a permit under the act of 1924. That was an unlawful act. The requisite intent is, not to violate the law, but to do the prohibited act, as every person is presumed to know the law. *State* v. *Halstead,* 39 *N. J. L.* 403; 40 *Cyc.* 855. Of this requisite intent under the evidence in the present case there can be no question.

The judgment under review will be affirmed.

*For affirmance*—TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 12.

*For reversal*—None.