This is a proceeding by the comptroller, under the Transfer Inheritance Tax act (P.L. 1909 ch. 228 § 21), against the *Page 60 
executors of the last will and testament of Frederick A. Canfield, deceased, and the trustees of Rutgers College, as legatee, under said will; for the collection of a tax of $3,390 assessed in respect of the testamentary transfers to the said legatee.
Two issues only are involved (a third raised by the answers of respondents was abandoned at the hearing). The respondents contend that the transfers to Rutgers College are exempt from taxation under the statute, by reason of the provision of P.L.1925 ch. 102. Concededly this is true, if the statute of 1925 was valid and constitutional and was still in force and effect at the death of testator.
That statute — a supplement to the Transfer Inheritance Tax act of 1909 — provides as follows:
"1. In addition to the property now exempt from taxation under the act to which this is a supplement, there shall be exempted property passing by devise or bequest since the first day of July, one thousand nine hundred and twenty-four, to or for the use of any institution solely educational for whose benefit there may have been or may hereafter be appropriations made by the legislature of this state."
It is admitted that Rutgers College comes within the classification exempted by this act.
It is contended on behalf of the state, however, first, that this act was repealed or superseded by the provisions of P.L.1926 ch. 294, which last mentioned statute admittedly became effective prior to the death of Mr. Canfield; and second, that if the act of 1925 was not repealed or superseded by the act of 1926, it is unconstitutional and invalid.
This second issue has recently been determined, subsequent to the institution of this suit, by the decision in the case of Inre Estate of David Paton, 114 N.J. Eq. 324; 168 Atl. Rep. 422,
wherein the constitutionality of the act of 1925 was upheld — and of course will be similarly determined here.
The first issue presents a problem of statutory interpretation combined with the interpretation of pertinent judicial determinations.
The act of 1926 contains no words expressly repealing, or terminating the force and effect of, the act of 1925. Express *Page 61 
words, however, are not a necessary prerequisite; the same effect will result if it be apparent that that was the legislative intent. "When two statutes relating to the same subject are repugnant or inconsistent, and the later statute is clearly intended to prescribe the only rule which should govern the case provided for, it will be construed as repealing the earlier act."State v. Cortese, 104 N.J. Law 312; 140 Atl. Rep. 440.
In O'Neill v. Johnson, 99 N.J. Law 317 (at p. 319);123 Atl. Rep. 538, the additional rule is laid down by the supreme court that when the legislature makes a revision of a statute and frames a new statute on the subject-matter thereof clearly designed as a complete scheme for such subject-matter, that is decisive evidence that the new act was intended to repeal or supersede whatever of prior law on the subject-matter is not included in the new act.
This latter principle, and rule (as well as the rule in State
v. Cortese, supra), was held to be applicable to separate sections of a statute as well as to an entire statute — and was so applied — in In re Estate of Jane Ann Gopsill, 77 N.J. Eq. 215; 77 Atl. Rep. 793, affirmed on certiorari, by the supreme court, sub nom. Board of Domestic Missions, c., v. Edwards,85 N.J. Law 24; 91 Atl. Rep. 989.
It is the contention of the attorney-general that these last two determinations are dispositive of the case at bar; that in the Gopsill Case there was a basic statute (P.L. 1894ch. 210), a supplement granting an exemption (P.L. 1898 ch. 62), and a later amendment (P.L. 1906 ch. 228), the terms whereof are inconsistent with the prior exemption supplement; and that in the instant case there is the same situation, a basic statute (P.L. 1909 ch. 228), a supplement granting an exemption (P.L.1925 ch. 102), and a later amendment (P.L. 1926 ch. 294) the terms whereof are inconsistent with the prior exemption supplement.
It is to be borne in mind that the primary and vital question to be determined in the present case is: Did the legislatureintend to repeal or render inoperative the act of 1925, by enacting the act of 1926? If it did so intend, then that *Page 62 
result follows; but (in the absence of express words in that behalf) there is no presumption in favor of such an intent — on the contrary, the presumption is against such intent.
Chief-Justice Beasley, writing the unanimous opinion of the court of errors and appeals in Ruckman v. Ransom,35 N.J. Law 565, says (at p. 566): "There are no words of repealer in the re-enacted law, and it is the familiar legal doctrine that an inferential repeal of a statute is a pure question of intention, and that every reasonable intendment will be made against
such result. Such destroying effect will be deemed to reside in the more recent statute only when it is absolutelyirreconcilable with the prior one. Mr. Sedgwick thus states the doctrine of the judicial decisions: `It is therefore but reasonable to conclude that the legislature, in passing a statute, did not intend to interfere with or abrogate any prior law relating to the same matter, unless the repugnancy between the two is irreconcilable; and hence a repeal by implication is not favored; on the contrary, courts are bound to uphold theprior law, if the two acts may well subsist together.' Sedgw.Stat. Const. L. 127." (Italics mine.)
This identical language is again repeated by the court of errors and appeals in Terrone v. Harrison, 87 N.J. Law 541
(at p. 544); 94 Atl. Rep. 600; and the opinion in Ruckman
v. Ransom is among those cited in Hotel Registry Realty Co.
v. Stafford, 70 N.J. Law 528 (at p. 537); 57 Atl. Rep. 145, and again approved by the court of errors and appeals in Winne
v. Cassale, 100 N.J. Law 291 (at p. 294);126 Atl. Rep. 324. There seems no room for doubt, therefore, that it is still the doctrine of our highest court.
Another principle of statutory interpretation, definitely established by the decision of the court of errors and appeals, and extremely pertinent to the question here at issue, is that where the legislature in amending a section of a statute, recites the entire section as amended, it does not express an intentionthen to enact the whole section as amended, but only an intention then to enact the change which is indicated. This rule was laid down by the supreme court as a ground for *Page 63 
its determination in McLaughlin v. Mayor, c., of Newark,57 N.J. Law 298 (at p. 301); 20 Atl. Rep. 543. It was adopted with practical unanimity by the court of errors and appeals in its affirmance. McLaughlin v. Mayor, c., of Newark,58 N.J. Law 202; 34 Atl. Rep. 13; and was reiterated by the appellate court in Schwarzwaelder v. German Mutual Fire Insurance Co.,59 N.J. Eq. 589 (at p. 593); 44 Atl. Rep. 769.
The rule of the supreme court in O'Neill v. Johnson, supra, that a statute of complete revision is decisive evidence of intent to exclude prior legislation not included, is anartificial rule of interpretation. The danger of a hard and fast application of any artificial rule in an endeavor to ascertain intent is of course apparent. It is to be observed that this rule was not included in the rule laid down by the court of errors and appeals in the Cortese Case, supra — nor does it appear to have been adopted by that court in any other case cited by counsel or which has come to our attention in the consideration of the present case. (The first paragraph of the syllabus in Terrone v. Harrison, supra, tends somewhat in that direction, but is entirely unsupported in that behalf by the opinion itself). It must be deemed therefore to be limited and controlled by the thoroughly well established general principles of the appellate court as set forth in Ruckman v. Ransomsupra — that every reasonable intendment is to be made against repeal or superseding of earlier legislation by mere implication from later legislation, and that such implication is to be made only where the later statute is absolutely irreconcilable with the earlier one — that both must be upheld where possible.
All that has been said in the preceding paragraph applies with even much greater force to a rule extending the "O'Neill v.Johnson" rule from the case of an entire revision statute to the case of a single section of a statute. In any effort to apply that rule in such a case it seems abundantly clear that the utmost stress must be placed upon those phrases of the rule which limit its application to those cases where the legislative intent is clear, and that it ought not to be applied in any case where it is not absolutely and entirely clear that *Page 64 
the legislature intended the amendment of the section to be a complete revision and enactment of a complete and superseding scheme for the subject-matter of the amended section. Especially is this true in view of the pronouncements of the appellate court in the McLaughlin and Schwarzwaelder Cases, supra, already referred to.
Examination of the section here in question, as it was prior to the amendment (P.L. 1922 p. 293 § 1) and in its amended form (P.L. 1926 p. 488 § 1), leads inevitably to the conclusion that it can by no means be said to be clear that the legislature intended that the section as amended should be a complete revision of the section as it formerly stood, or that it should be a complete and superseding scheme for the subject-matter of the section as it formerly stood — nor that the legislature intended that prior legislation with which the provisions of the section as amended are apparently or prima facie inconsistent should be repealed or superseded — nor that an interpretation by which both statutes may stand cannot reasonably be made.
The section in the act of 1922 comprises nearly four pages and numerous paragraphs, by far the greater part of which is repeated in exact words in the act of 1926. There are only a few changes. The taxation of transfers of shares of stock of New Jersey corporations, and of national banks located in New Jersey, is eliminated in the case of an estate of a non-resident decedent. The federal estate tax is eliminated as a deduction, and in place thereof state transfer taxes are allowed as deductions. The rates of taxation of transfers to several classes of beneficiaries are increased, and specified at graduated rates instead of flat rates. These are the only changes. The provisions as to exemptions, and as to taxation of what may be broadly termed "charitable" institutions are unchanged — are repeated in precisely the same words.
So far from evidencing an intent completely to revise the subject-matter of section 1 of the 1922 act, the amendment rather evidences an intent merely to make the few specified changes. Under the rule in the McLaughlin and Schwarzwaelder Cases,supra, no intent of the legislature to give the *Page 65 
force of newly enacted legislation to the great portion of section 1 of the act of 1922 which is repeated exactly in the act of 1926 (and this includes the provision as to exemptions), is to be implied. Only the intent to make the changes indicated is to be imputed.
To the extent of the materiality or weight which may properly be accorded to it — see Winne v. Cassale, supra (at pp. 294,295) — the object of the 1926 amendment, as stated by the introducer of the bill, indicates no other intent than that just mentioned. That statement is as follows:
"This amendment to the Inheritance Tax act eliminates by amendment the tax upon non-resident estates as far as intangible personal property is concerned. It eliminates the exemption now allowed for taxes paid to the federal government. This is because of the exemption or offset up to eight per cent. of the tax now allowed by the federal government for such taxes as paid to the state.
"It revises these schedules particularly in the higher brackets so as to absorb as much as possible of the exemption or offset allowed by the federal government for taxes paid to the state.
"In the 1926 Federal Revenue act the eighty per cent. offset was an equivalent to an invitation to the states to absorb such revenues for state purposes. This made it necessary to continue our brackets at increasing rates up into the high figures to absorb such allowances. In this way a substantial portion of the loss in revenues by New Jersey in abandoning the non-resident transfer inheritance schedule will be replaced."
It is further significant that the provision originally contained in section 1 of this act as originally enacted in 1909 (P.L. 1909 p. 325), following the specification of exemptions — "but no other exemption of any kind shall be allowed" — was omitted from the amendment of 1926 as well as from the amendment of 1922.
In Eldridge v. Philadelphia and Reading Railroad Co.,83 N.J.L. 463 (at p. 464); 85 Atl. Rep. 179, the court of errors and appeals impliedly approves the rule that "where the legislature *Page 66 
has taken a special class out of the operation of a general law, such class is not affected by the subsequent re-enactment of the law to which they had been made an exception." This is precisely the situation in the instant case. The class of state-aided educational institutions, in which the present legatee admittedly is included, was by the act of 1925 taken out of the operations of the Transfer Tax act. The re-enactment in 1926 of that section of the general law imposing the tax must be held not to affect that class. In other words the act of 1925 is not to be deemed repealed or superseded by the act of 1926.
Moreover — if anything further could strengthen the applicability of the last mentioned rule in the instant case, it is both pertinent and material to note that the present legatee has for years been the object of particular solicitude and benefaction from the legislature. See P.L. 1864 p. 650; P.L.1866 p. 799; P.L. 1890 p. 161; P.L. 1902 p. 15; P.L. 1902 p. 34;P.L. 1905 pp. 90, 187; P.L. 1909 p. 44; P.L. 1911 p. 49; P.L.1917 pp. 65, 74, 143; P.L. 1920 pp. 44, 75, 246, also70 N.J. Law 470. See, also, the large appropriations made to Rutgers in the many appropriation acts, such for instance as the appropriation of over a million dollars in 1926 (P.L. 1926 p.601 (at pp. 630, 633), the very same year of passage of the act which, it is argued, was intended to abrogate the exemption from transfer inheritance tax. This in itself alone would seem sufficient to rebut any argument of implied intent to repeal the act of 1925.
It is concluded therefore that the act of 1925 was not repealed or superseded by the act of 1926; that the transfers to Rutgers College here under consideration are not taxable; that the assessment is erroneous; and that the petition of the comptroller must be dismissed. *Page 67