WALTER BROOKES, WILLIAM C. CALMAR, JOSEPH M. HEALEY, WILLIAM HOWATT AND FRANCIS A. CASSIN, PROSECUTORS, v. ARTHUR H. JONES, MAYOR OF THE TOWN OF KEARNY, NEW JERSEY, DEFENDANT.

Argued May 17, 1935—Decided September 11, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutors, *Thomas G. Walker*.

For the defendant, *John H. Cooper*.

BODINE, J. Prosecutor challenges the veto power of the mayor of the town of Kearny. The town was incorporated under the Town act of 1895, a general act entitled: "An act providing for the formation, establishment and government of towns." *Pamph. L., p.* 218; 4 *Comp. Stat., p.* 5518, §§ 317 *et seq.* By supplement (*Pamph. L.* 1905, *p.* 310; 4 *Comp. Stat., p.* 5520, § 326), the councilman-at-large was to be designated mayor. In 1907 (*Pamph. L., p.* 121; 4 *Comp. Stat., p.* 5426, §§ 36, 37), a statute was enacted entitled "An act to provide for the election in incorporated towns of this state of a councilman-at-large, to be called mayor, and to regulate his duties and terms of office." Under this act the mayor was given a two years' term. By supplement of 1932, page 27 (*N. J. Stat. Annual.* 1932, § 215-37a), the mayor was given veto powers. The act of 1907, was held a general act affecting each of the incorporated towns in the state. *Herrmann* v. *Guttenberg,* 87 *N. J. L.* 261; 93 *Atl. Rep.* 889. See, also, *Boonton* v. *Logan,* 86 *N. J. L.* 486; 92 *Atl. Rep.* 97.

There is nothing of a restrictive nature in the 1932 supplement which could limit its scope. *Winne* v. *Cassale,* 99 *N. J. L.* 345; 123 *Atl. Rep.* 533; 100 *N. J. L.* 291; 126 *Atl. Rep.* 324. It is a general act, if there ever was one, and the legislative purpose seems clear to vest in all town mayors the veto power.

In *Bauer* v. *West Hoboken,* 90 *N. J. L.* 1; 100 *Atl. Rep.* 223, it was held that the powers granted under the Town act could be enlarged by legislation entitled "An act to authorize any incorporated town," &c. By the same token it would seem that the powers of the mayor of an incorporated town could be enlarged by similar entitlement.

We can see no objection that the mayor has both a vote and a veto. He can perform different services, and after all the only limits upon the legislative power to control the affairs of a municipality are to be found in the constitution.

The writ will be dismissed.