LEONARDO TERRONE, APPELLANT, v. ARIEL HARRISON, RESPONDENT.

Submitted March 22, 1915—Decided June 17, 1915.

1. Implied repealers are not favored in law, and an intent to repeal a former statute will not be implied unless the later statute is either clearly repugnant to the former or is evidently intended to cover the same subject by revision, and thus furnish a complete substitute for the former statute.
2. The act entitled "An act to prevent the unlawful waste and destruction of timber in this state" (*Comp. Stat.*, p. 5396) was revised in 1874, the sections providing a civil remedy for violations thereof being retained therein, while the sections making such violations criminal and punishable by fine or imprisonment were transferred to the Crimes act. In 1898 one of the sections thus transferred was amended by adding a proviso that the section should not apply to any person who committed the offence by accident or mistake, or without intent to injure or defraud. *Held*, that this amendment worked no repealer of the provisions of the revised Timber act, which impose penalties for violations thereof and the enforcement thereof by civil procedure.

---

On appeal from a judgment of the Supreme Court.

For the appellant, *Edward C. Waddington.*

For the respondent, *Louis H. Miller.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    This action was brought under the first section of "An act to prevent the unlawful waste and destruction of timber in this state." *Comp. Stat., p.* 5396. The plaintiff having filed his complaint, defendant moved to strike it out upon three grounds—*first,* that the Timber act referred to in the complaint has been repealed; *second,* that the statute does not permit an action to be brought under it in the Supreme Court; *third,* that the complaint does not state any offence against the statute.    Having heard argument upon the motion, the court below considered that the first ground upon which the motion was rested was well taken, and ordered the complaint to be stricken out and judgment final entered for the defendant.    The plaintiff appeals from the judgment entered pursuant to such order.

The statute under which the action was brought was passed in 1820. *Penn. Laws, p.* 700.    The first section provided that if any person should cut down, carry away or destroy, any tree, sapling or pole, standing or lying on any land within this state to which such person had not any right or title, without leave first had and obtained of the owner thereof. he should forfeit and pay for each tree, sapling or pole so cut down, carried away or destroyed, the sum of $8, one-half to the owner of the land, and the other half to the person who should sue for and prosecute the same; and that whenever any person should be sued or prosecuted before any justice of the peace, it should be lawful for the justice to proceed whenever the penalty demanded should not exceed $100, notwithstanding any claim of the defendant to the land whereon the trees, saplings, or poles were cut.    The second section made the same offence criminal, and punishable by a fine not exceeding $100, or imprisonment at hard labor not exceeding one year; but contained a proviso that a person who had been subjected to a prosecution for a penalty as

provided for in the first section, should not be subject to conviction and punishment criminally. The third section made the sawing, or receiving or buying of any timber so cut down and carried away a criminal offence, and punishable by fine or imprisonment. The fourth section exempted from the operation of the act the cutting, felling or carrying away of any wood or timber within the limits of the highways of the state, for making and repairing bridges and highways. The fifth section provided that no person should be exempted or protected from conviction and punishment for any offence or offences committed against the prohibition of the act, by reason of being possessed of, or entitled to, a share or shares of propriety under the pretence of being a tenant, or tenants in common of the unlocated lands of the state belonging to the general proprietors.

This statute remained upon the statute books without alteration or amendment until 1874, when the general laws of the state were revised by the legislature. By that revision the first section of the Timber act was retained in its original form and under its original title. *Rev., p.* 1187. Sections 2, 3, 4 and 5 were expressly repealed (*Rev., p.* 1120, 1399, § 610) and were at the same time re-enacted in their original form as sections 103–106 of the Crimes act (*Rev., p.* 245), where the revisers considered, apparently, that they more properly belonged. No actual change in the statutory scheme which had been in force since 1820 occurred until the Crimes act was again revised in 1898, when the legislature amended the proviso of section 2 of the original Timber act (section 103 of the Crimes act), so as to read as follows: "Provided this section shall not apply to any person who shall do the same by mistake or accident, or without any intention to injure or defraud the owner thereof." *Comp. Stat., p.* 1788, § 138.

The contention made by the defendant, and which prevailed in the trial court, was that the effect of this amendment of 1898 was, by necessary implication, to repeal the first section of the Timber act, and take away the civil remedy (*Clark* v. *Collins,* 15 N. J. L. 473) provided by it.

We think it clear that the conclusion of the trial court cannot be supported. As was said by Chief Justice Beasley, speaking for this court in *Ruckman* v. *Ransom,* 35 *N. J. L.* 565, 566: "It is familiar legal doctrine that an inferential repeal of a statute is a pure question of intention, and that every reasonable intendment will be made against such result. Such destroying effect will be deemed to reside in the more recent statute only when it is absolutely irreconcilable with the prior one. Mr. Sedgwick thus states the doctrine of the judicial decisions: 'It is, therefore, but reasonable to conclude that the legislature, in passing a statute, did not intend to interfere with, or abrogate any prior law relating to the same matter, unless the repugnancy between the two is irreconcilable; and hence a repeal by implication is not favored; on the contrary, courts are bound to uphold the prior law, if the two acts may well subsist together.' " Mr. Justice Pitney, in the comparatively late case of *Hotel Registry Corp.* v. *Stafford,* 70 *Id.* 528, 536, states the doctrine in this way: "Implied repealers are not favored in the law. * * * Where the later statute is not necessarily repugnant to the former, but on a fair construction may be treated as cumulative or supplementary, so that both acts may stand together, the intent to repeal is not implied from the fact that the later legislative provision differs from the earlier." In the present instance no irreconcilable repugnancy appears. On the contrary, the amendment of 1898 is not at all out of harmony with the general scheme of the act of 1820 as originally adopted. By it the legislature provided two independent methods for the punishment of the wrong-doer—*first,* by the imposition of a penalty to be enforced against him by a civil procedure; and *second,* by making his offence punishable as a crime, but exempting him from punishment as a criminal in those cases where the civil remedy had been enforced against him. The effect of the amendment of 1898 was to deprive the offender of the protection afforded him by the original proviso of the Timber act, and to leave him subject to criminal prosecution, notwithstanding the civil remedy had previously been enforced against him, and making his liability to criminal prosecution

depend solely upon the existence of the intent to injure or defraud the owner of the property. This would have been the plain scheme of the act had the present proviso been originally incorporated into section 2 of the Timber act in the place of that which first appeared there. The fact that it was subsequently substituted for that which originally appeared in the statute and after it had been split up, and the sections thereof distributed under different titles, does not make the legislative intent any less plain, in our opinion. Certainly it cannot be said that by changing the character of the exemption from criminal liability, the legislature has created an irreconcilable repugnancy in the statutory scheme which did not previously exist.

Having concluded that the ground upon which the trial court struck out the plaintiff's complaint, and ordered judgment against him, is untenable, we have examined the other reasons upon which the defendant based his application; for, if either of them is sound, then the action of the trial court which is now the subject of challenge must be sustained, although the reason given for it by that court cannot be supported.

The second ground upon which the motion to strike out was rested was that the civil proceeding provided by the Timber act was only cognizable before a justice of the peace. But a mere glance at the first section of the statute shows the fallacy of this contention. It provides a penalty of $8 for each tree, sapling or pole cut down, carried away or destroyed, and authorizes a prosecution before a justice of the peace whenever the penalty demanded shall not exceed $100. When it is remembered that the limit of jurisdiction of the justice's court at the time when this statute was enacted was $100, and that the penalty prescribed by the act, where the number of trees cut down and carried away or destroyed should be more than twelve, would exceed the limit of that jurisdiction, it is obvious that the prosecution of the civil remedy, where the sum sought to be recovered is in excess of $100, must be carried on in one of the courts of superior jurisdiction.

As to the third ground relied upon by the defendant, viz.,

that the complaint does not state any offence against the statute, it is only necessary to say that we have carefully examined that pleading, and that this contention is without merit.

The judgment under review will be reversed.

*For affirmance*—KALISCH, WHITE, JJ.  2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, VREDENBURGH, TERHUNE, HEPPENHEIMER, JJ.  11.