This is an application to reopen a final decree in a tax certificate foreclosure which came before me on an order to show cause why the petitioners should not be permitted to redeem the lands.
On December 23d 1937, complainant, the Township of Morris, purchased five certificates of sale for unpaid taxes representing unpaid taxes for the years 1931 to 1934, inclusive. Complainant filed its bill to foreclose on October 27th, 1942. The petitioner Washington Heights Development Co. was the owner of certain lands and Albert W. Driver was the mortgagee. Both were made parties defendants. A final decree was entered on January 20th, 1943, and recorded in the Morris County clerk's office on January 22d 1943.
On November 9th, 1945, Albert W. Driver, the mortgagee, assigned his interest in his mortgage to Hyman Adler, one of the petitioners.
The petition was presented to me on January 10th, 1946, and the order to show cause was thereupon granted. An amended petition was afterward filed before the argument.
The petition alleges that the lands effected by the decree were part of a development known as "Washington Heights" and that at the time the final decree was entered there was no market for the sale of lands due to war conditions; that under such circumstances petitioners were forced to allow the foreclosure to proceed although the value of the lands was in excess of the taxes. The petition further alleges that the difference between the taxes and the value of the lands was so great as to shock the conscience of this court. It also alleges that the taxes amounted to about $100 per lot at the time of the foreclosure and that the subsequent taxes and interest would amount to about $130 per lot, and also that the complainant now has the lots for sale at $300 per lot and refuses to convey them to the petitioners for less than that amount. *Page 597 
The inability of the petitioners to proceed with their development or to redeem the land prior to the tax sale are matters with which this court has no concern. Assuming that the taxes are much less than the value of the land such fact would not give this court jurisdiction to act in the premises. The remedy in such a case is appeal either from the assessment or from the tax rate, which are the remedies provided by statute and are full, complete, adequate and exclusive. If the petitioners fail or neglect to protect themselves they cannot now complain here.
The petitioners allege certain irregularities in the foreclosure proceedings; to wit, that complainant nominated a master contrary to Chancery rule 294; that complainant at no time notified the defendants of the amount required to redeem, and that defendants were not aware of the amount so required; that the subpoena was served upon the registered agent of the company although it should have been served upon the president and, therefore, such service did not comply with R.S. 1937, 2:26-43;
and that there was no proper certificate attached to the search filed in the foreclosure.
I find no merit in these contentions.
Chancery rule 294 has no application to uncontested foreclosure actions. The clerk of this court circulated the following explanation of that rule, which reads as follows:
"Rule 294 has no application to a situation covered by Rule 192 and, therefore, there is nothing under Rule 294 prohibiting solicitors from naming masters in uncontested foreclosures of mortgages or tax certificates and the practice in all such cases, remains as heretofore."
The defendants were notified of the time and place fixed for redemption and the amount necessary to redeem. An examination of the file reveals that the notice to redeem was in the form used for many years in this type of proceeding. The notice called for the payment of a fixed sum plus costs to be taxed. The costs of the proceeding had not then been taxed nor could they have been since they were not yet concluded. The determination of the amount of costs to be taxed is a simple matter and the failure to mention that *Page 598 
amount does not render the notice to redeem ambiguous, indefinite or uncertain.
With respect to the service of the subpoena, it is claimed, as stated above, that R.S. 2:26-43 requires service upon the president if he can be found. Petitioners contend that since there is no proof that the president could not be found that the service was defective. The statute above referred to applies to personal actions in a court of law. Service of a subpoena in a Court of Chancery may be made either upon the president, vice-president, a director, or the "designated agent." R.S.2:29-19. The "designated agent" is the same official described in the General Corporation Act, R.S. 14:4-2, as the "agent in charge" of the principal office "upon whom process against the corporation may be served."
The next objection is that there is no proper certificate attached to the search. I see no merit in this contention. The certificate annexed to the search is not required to be in any special form. The certificate in this case is in the form usually used.
The collection of public revenues is of prime importance. This court will not generally interfere with that collection. The statute provides a method of terminating the title of owners of land for delinquent taxes in order that the properties may be returned to the tax rolls. The statutory procedure provides the method to foreclose the equity of redemption of delinquent taxpayers. See R.S. 54:5-85 et seq. This statute has limited application to reopen final decrees in tax foreclosures to three months from the date of the entry of the decree. It has further limited the right to reopen final decrees upon the grounds of "lack of jurisdiction or fraud in the conduct of the suit." R.S.54:5-87. There is no allegation of fraud in the petition and, from which I have said, it is clear that there was no defect in the jurisdiction.
Therefore, the order to show cause will be dismissed. *Page 599