HAMILL, J.T.C.
This is a sales and use tax case in which defendant, Director, Division of Taxation, has moved to dismiss the complaint with prejudice pursuant to R. 4:23-5(a)(2) for failure to answer interrogatories. An order dismissing the complaint without prejudice was entered on December 2, 1994. The 90-day period prescribed by R. 4:23-5(a)(2) elapsed on March 2, 1995. The Director’s motion to dismiss with prejudice was filed on March 7, 1995.
Also before the court is plaintiffs’ motion to vacate the dismissal without prejudice on the ground that plaintiffs supplied answers to defendant’s interrogatories on April 20, 1995.
In support of its motion to dismiss with prejudice, defendant maintains that plaintiffs have not established “exceptional circumstances” within the meaning of R. 4:23-5(a)(2). Defendant further maintains that plaintiffs’ answers to 13 of defendant’s 27 interrogatories were not “fully responsive” as required by R. 4:23 — 5(a)(1). Thus, according to defendant, even if its motion to dismiss with prejudice is denied, plaintiffs’ motion to vacate the dismissal without prejudice should not be granted.
In response to defendant’s motion, plaintiffs assert that they have demonstrated “exceptional circumstances” in that plaintiffs were unable to obtain the documents necessary to answer the interrogatories. Plaintiffs maintain that their accountants had all *109 the required documents and that plaintiffs were unable to obtain the documents until February 1995. Relying on the 1990 Report of the Committee on Civil Practice, 125 N.J.L.J. 421 (1990), quoted in Pressler, Current N.J. Court Rules, comment 3 on R. 4:23-5 (1995), plaintiffs maintain that the “main objective [of the amended rule] is to compel the answers rather than to dismiss the case____” Relying on Aujero v. Cirelli, 110 N.J. 566, 577, 542 A.2d 465 (1988), plaintiffs assert that they have established a factual basis for relaxing R. 4:23-5. According to plaintiffs, these facts include the minimal delay in answering defendant’s interrogatories, a lack of fault on plaintiffs’ part since the delay was attributable to the failure of their accountants to turn over the needed records, and the absence of prejudice to the defendant in the event R. 4:23-5(a)(2) is relaxed. Finally, plaintiffs maintain that a separate basis for denying defendant’s motion is provided by R. 4:50-1 because that rule, which permits relief from a judgment, would be applicable in the event a dismissal with prejudice were entered. Plaintiffs conclude by stating that they have meritorious defenses. In particular, according to plaintiffs, Mrs. Vogelbacher has no liability for the sales tax obligations of Mr. Vogelbacher’s sole proprietorship, and the deficiency assessment is excessive.
On October 13, 1993, plaintiffs filed a complaint challenging an assessment of sales and use tax totaling $166,222 plus interest and penalty, which brought the total assessment at that time to $306,773.
On March 3, 1994, defendant served the interrogatories in question. The pretrial conference was initially scheduled for August 15, 1994. As the result of a conference call and at plaintiffs’ request, the pretrial conference was adjourned to December 1, 1994, and plaintiffs were directed to answer the defendant’s interrogatories by September 26, 1994. On plaintiffs’ subsequent motion (which defendant did not oppose), the court further extended the discovery period, requiring plaintiffs to serve answers to the interrogatories by November 15, 1994.
*110 On November 16, 1994, defendant moved to dismiss the complaint for failure to answer interrogatories. Finding that defendant had fully complied with the requirements of R. 4:23-5(a)(l), on December 2, 1994, the court entered an order dismissing the complaint without prejudice. The 90 day period specified in R. 4:23-5(a)(2) expired on March 2, and on March 7, 1995, defendant moved to dismiss the complaint with prejudice.
At plaintiffs’ request, the motion to dismiss with prejudice was twice adjourned and ultimately was heard on May 12, 1995. In the meantime, on April 20, 1995, plaintiffs served answers to the interrogatories and on May 1 filed a motion to vacate the prior judgment of dismissal without prejudice.
On the return date, I queried plaintiffs’ counsel concerning the absence of the affidavit stating that his clients had been notified of the pendency of the motion to dismiss with prejudice as required by R. 4:23-5(a)(2). Plaintiffs’ counsel produced a letter of April 28, 1995 addressed to Mr. Vogelbacher making him aware of the return date on defendant’s motion to dismiss with prejudice. Subsequently, plaintiffs’ counsel supplied a certification making the same representations and attaching a copy of the April 28, 1995 letter. I concluded that counsel’s letter, albeit not precisely in the form prescribed in Appendix II-F of the Court Rules, complied with the requirements of R. 4:23-5(a)(2) because it timely notified Mr. Vogelbacher of the time and place of the dismissal motion and advised him that he could appear and be heard. Counsel’s in-court statements appeared to me to satisfy the requirement of an affidavit. Any technical defect in that respect was cured by the subsequent submission of counsel’s certification.
In court, plaintiffs’ counsel stated that Mr. Vogelbacher’s business involves landscaping and lawn maintenance. The Vogelbach-ers’ personal and business accountants, the firm of F.X. Duffy, are located in Philadelphia. According to plaintiffs’ counsel, all the records of the business were turned over to and kept by the accountants, and the accountants failed to supply the documents required to answer defendant’s interrogatories. Although counsel *111 produced a copy of a letter of March 11,1994 forwarding a copy of defendant’s interrogatories to Mr. and Mrs. Vogelbacher, he was unsure whether he had supplied a copy of the interrogatories to the accountants and did not know whether the Vogelbachers had done so. Nor could he testify to the Vogelbachers’ attempts to secure the documents from the accountants. Counsel then requested a continuance of the motion to permit the Vogelbachers to provide testimony.
Being concerned that “exceptional circumstances” within the meaning of R. 4:23 — 5(a)(2) might yet be shown if the Vogelbachers were to testify and bearing in mind the magnitude of the assessment in the event the complaint were dismissed with prejudice, I adjourned the motion to June 16, 1995.
Mr. Vogelbacher appeared on the adjourned return date. He corroborated counsel’s testimony that F.X. Duffy did all the accounting for his business and personal affairs. He stated that the accountants had all the records for the business with the possible exception of invoices and cards on which Mr. Vogelbacher entered amounts received from customers, which he could not locate. He stated that, during the initial administrative phase of the case, he had been represented by Mr. Patrick Duffy of the firm of F.X. Duffy. Subsequently, Mr. Patrick Duffy was killed, and Mr. Robert Todd of the same firm took on the matter. Mr. Vogelbacher could not remember exactly when he had asked Mr. Todd for the documents necessary to answer the State’s interrogatories. He did say it was a “number of times”. He did recall a meeting in October 1994 with Mr. Todd and plaintiffs’ counsel. At that meeting Mr. Todd stated that he would provide the documents.
On a date in February 1995 Mr. Vogelbacher went to the Philadelphia offices of F.X. Duffy and obtained one or more boxes containing the required documents. He delivered them immediately to his counsel. On cross-examination he stated that he believed he had asked for the documents in January 1995. He stated that his counsel had frequently asked him for the documents.
*112 Rule 4:23-5(a)(2) states in pertinent part that, when a motion to dismiss with prejudice is made after 90 days from the date of the order dismissing without prejudice, “[t]he motion shall be granted unless exceptional circumstances are demonstrated.” The question in this case is whether such “exceptional circumstances” have been shown.
It is clear that the “exceptional circumstances” standard requires a factual basis greater than ordinary “good cause.” Suarez v. Sumitomo Chemical Co., 256 N.J.Super. 683, 689, 607 A.2d 1057 (Law Div.1991). Exceptional circumstances generally involve “external factors (such as poor health or emergency) which substantially interfered with the party’s ability to meet the discovery obligations.” Ibid. Adopting the analysis just quoted, the Appellate Division in Rodriguez v. Luciano, 277 N.J.Super. 109, 649 A.2d 87 (App.Div.1994), sustained a trial court’s dismissal with prejudice where the alleged “exceptional circumstances” were stated to be the law firm’s “difficulty in locating the client as well as ... the transitory staff problems burdening [the] office.” Id. at 112, 649 A.2d 87. Citing Rodriguez, the Appellate Division in Martin Glennon, Inc. v. First Fidelity Bank, 279 N.J.Super. 48, 53, 652 A.2d 199 (App.Div.1995), certif. denied, 141 N.J. 95, 660 A2d 1194 (1995), stated that “Inaction is usually an insufficient excuse. The ‘exceptional circumstances’ are usually confined to ‘poor health or emergency’ or the like.” The appellate court there accepted the trial judge’s conclusion that “exceptional circumstances” had been shown when counsel of record had relied upon an attorney selected by an insurance carrier to conduct discovery. The attorney had failed to answer interrogatories and was later fired. The appellate court stated that it might have reached a different result and that “the motion judge acted within the outer limits of his discretion” in granting relief from the prior discovery order. Id. at 54, 652 A.2d 199.
Under these authorities, plaintiffs’ testimony and the arguments of their counsel fail to establish “exceptional circumstances.” Having heard both plaintiffs’ counsel and Mr. Vogelbacher himself, I am not convinced that plaintiffs were faced with *113 extraordinary problems in obtaining the required documents. The testimony was vague as to when and how often Mr. Vogelbacher or his counsel asked the accountants for the documents. No precise dates were offered. The closest the testimony came to any certainty was that a meeting was held in October 1994 between Mr. Vogelbacher, his counsel, and Mr. Robert Todd of F.X. Duffy, at which time the documents were requested, and Mr. Todd assured Mr. Vogelbacher that the documents would be provided.
The dismissal without prejudice was entered on December 2, 1994. There was no indication that Mr. Vogelbacher did anything until January 1995 to follow up with Mr. Todd. The documents were supplied sometime during February. At this point, plaintiffs could have avoided a motion to dismiss with prejudice because they were still within the 90 day period following entry of the dismissal without prejudice. The answers were not served until April 20, 1995, 139 days after entry of the dismissal without prejudice and 44 days after the motion to dismiss with prejudice had been filed.
In proposing the present amended version of R. 4:23-5(a), the Civil Practice Committee stated that, “It is the contemplation of the Committee, however, that only the most extraordinary circumstances would relieve a party of the dispositive consequences of the ‘with prejudice’ dismissal order.” Report of the Committee on Civil Practice, supra, quoted in Pressler, supra at 1045. Having heard Mr. Vogelbacher and his counsel, I am not convinced that the “extraordinary circumstances” required to defeat the Director’s motion to dismiss with prejudice have been shown. The most the testimony establishes is an uncooperative accounting firm, but even this appears unlikely because there is no convincing evidence of repeated, persistent attempts to obtain the documents from the accountants. Furthermore, Mr. Vogelbacher testified that F.X. Duffy continues as his accounting firm, and it defies common sense that a taxpayer’s accountants would fail to cooperate in a tax dispute of this magnitude. Nor does it ring true that *114 plaintiffs’ accountants would fail to appear or produce an affidavit on plaintiffs’ behalf since the firm continues to represent them.
Even if the accounting firm was not cooperative, there has been no showing that plaintiffs were helpless to pressure the firm into providing the documents. Plaintiffs had a lawyer. There was no showing that plaintiffs’ counsel was called into play except to meet once with plaintiff and the accountants in October 1994. Although plaintiff testified that he had asked his counsel to write a letter to the accountants in an attempt to secure the documents, he could not remember when, and there was no evidence that any such letter had in fact been written.
The only extraordinary or exceptional fact in the entire scenario was the death of Mr. Patrick Duffy. Plaintiff stated that this caused “confusion,” but there was no suggestion that Mr. Duffy’s death contributed to the delay in answering the interrogatories.
Plaintiffs are correct that the purpose of R. 4:23-5 is to obtain the requested discovery rather than to dismiss the case. That purpose is accomplished by a two-step procedure, which permits service of the interrogatories within 90 days of the initial dismissal without prejudice. Once the 90 day period has expired, however, “[t]he filing of the “with prejudice’ motion dramatically shifts power from the delinquent party to the moving party.” Suarez v. Sumitomo Chemical Co., supra, 256 N.J.Super, at 688, 607 A.2d 1057. At that point, only “exceptional circumstances,” not ordinary good cause, can avert the entry of an order dismissing with prejudice. The testimony and arguments before me suggest no “external factors” in the nature of poor health or emergency. Instead, they suggest inaction and disregard of the discovery rules. As stated by Judge Dreier in Martin Glennon, Inc. v. First Fidelity Bank, supra, 279 N.J.Super. at 53, 652 A.2d 199, “Inaction is usually an insufficient excuse.”
Plaintiffs’ suggestion that R. 4:23-5(a)(2) should be relaxed under R. 1:1-2 is not convincing. Rule 4:23-5 was amended precisely to bring some certainty to the exercise of discretion by trial judges in vacating dismissals under the prior rule. See Aujero v. Cirelli, supra, 110 N.J. at 579-81, 542 A.2d 465. That *115 cause will not be served by returning to the prior practice of relaxing the rules to permit the routine reinstatement of cases dismissed under R. 4:23-5.
The Court in Aujero suggested that the Committee on Civil Practice might wish to consider reversing the sequence of former R. 4:23-5(a), under which dismissal was mandatory where timely answers were not served, and the exercise of discretion was reserved to motions to restore a dismissed case. Aujero v. Cirelli, supra, 110 N.J. at 580-81, 542 A.2d 465. The Committee appears to have adopted the Court’s suggestion. Prior to the running of the 90 days and the filing of a motion to dismiss with prejudice, the delinquent party need only serve fully responsive answers, certify to that fact, pay costs amounting to $100 or $300, and pay counsel fees as the court may direct. Suarez v. Sumitomo Chemical Co., supra, 256 N.J.Super. at 688, 607 A.2d 1057. Once a timely motion to dismiss with prejudice has been filed, the new rule requires that the complaint be dismissed with prejudice absent a showing of exceptional circumstances — “The motion shall be granted unless exceptional circumstances are demonstrated.” R. 4:23-5(a)(2) (emphasis added). Just as there was little discretion under the prior practice to deny a motion to dismiss for failure to answer interrogatories, the court’s discretion not to grant a “with prejudice” motion under the amended rule is severely circumscribed. See Aujero v. Cirelli, supra, 110 N.J. at 580, 542 A.2d 465.
Even if the former standards for relaxing R. 4:23-5(a) were applied here, it is far from clear that the case would be restored. The factors to be considered included (1) the extent of the delay, (2) the underlying reason or cause, (3) the fault or blamelessness of the litigant, and (4) the prejudice that would accrue to the other party. Jansson v. Fairleigh Dickinson Univ., 198 N.J.Super. 190, 195, 486 A.2d 920 (App.Div.1985). The delay in the present case was significant. Answers were served more than a year after the interrogatories were propounded, 139 days after entry of the order dismissing without prejudice, and forty-four days after the motion to dismiss with prejudice had been filed. The cause of the *116 delay was Mr. Vogelbacher’s failure to obtain the necessary documents from his accountants and, to some extent, his attorney’s failure to immediately answer the interrogatories once the documentation was supplied. Thus, Mr. Vogelbacher is not blameless for the delay. While there appears to be little prejudice to the Director, as will be seen below, the Director still does not know the basis of plaintiffs’ claim that the assessment was improper, and at some point, the public cost of defending a lawsuit against the State must become a factor.
Nor may plaintiffs successfully argue that the ultimate sanction should not be visited on them because answers were ultimately supplied. To begin with, the eventual service of answers by the delinquent party cannot routinely and standing alone establish “exceptional circumstances” within the meaning of R. 4:23~5(a)(2) or the rule will have no teeth. Something more is required, and here nothing has been shown.
To the extent that service of fully responsive interrogatory answers might nevertheless motivate a court to find “exceptional circumstances,” plaintiffs have no leg to stand on because their answers were not responsive. Plaintiffs’ complaint alleges that defendant “wrongfully imposed sales tax on exempt and nontaxable items [and] ... wrongfully assessed a use tax against the plaintiffs for purchases for [sic] items that are not subject to use tax.” Defendant propounded twenty-seven interrogatories and in responding to plaintiffs’ motion to vacate the “without prejudice” order, asserted that thirteen of plaintiffs’ answers were unresponsive. Plaintiffs answered nine of these thirteen interrogatories, “To be supplied.” Most of the nine interrogatories go to the heart of the case, requesting, e.g., the basis for plaintiffs’ claim that exempt sales were assessed, copies of exemption certificates showing sales exempt from sales tax, invoices for sales or services made or performed by plaintiffs during the assessment period, identity of out-of-state customers to the extent plaintiffs claim that sales out-of-state were made, and the portion of the total assessment being contested. As made evident by plaintiffs’ answer “to be supplied,” more than thirteen months after defendant’s inter *117 rogatories were served plaintiffs still had provided no factual support for the allegations in their complaint. In fact, defendant was no closer to knowing the thrust of plaintiffs’ lawsuit than it was when the complaint was filed.
Prior to the filing of a motion to dismiss with prejudice, the Appellate Division has held that “unless plaintiffs bad faith is demonstrable from the overall nature of the answers,” a motion to dismiss should ordinarily be treated as a motion for more specific answers. Zimmerman v. United Services Auto. Ass’n, 260 N.J.Super. 368, 373, 616 A.2d 957 (App.Div.1992). Many of plaintiffs’ answers are so deficient on their face as to be “non answers” that arguably would not meet the liberal standard of Zimmerman were this a motion to vacate prior to the filing of a “with prejudice” motion. Here, where a “with prejudice” motion has been filed, there is even less reason to accept plaintiffs’ deficient answers as establishing “exceptional circumstances” sufficient to restore the case.
Plaintiffs argue that R. 4:50-l(e) or (f) should be applied because relief under this rule would be available if an order dismissing the complaint with prejudice were granted.
The short answer is that R. 4:50 applies only to final orders and judgments, and no final judgment has been entered. In any event, the circumstances of this case would not warrant vacating a final judgment. Rule 4:50-1(e) permits a final judgment to be vacated if, among other things, the judgment has been satisfied and it would no longer be equitable to enforce it. Although plaintiffs eventually answered defendant’s interrogatories, they did so forty-four days after defendant had filed its motion to dismiss with prejudice, and many of the answers were plainly unresponsive. This is hardly comparable to vacating a judgment of possession where a residential tenant who had withheld rent in good faith pays the back rent in full two days after judgment is entered. Cf. Stanger v. Ridgeway, 171 N.J.Super. 466, 474, 410 A.2d 59 (App.Div.1979).
*118 As to R. 4:50 — 1(f), our Supreme Court has made clear that relief from a judgment under that subsection is available only if another subsection of the rule does not apply and “truly exceptional circumstances are present.” Baumann v. Marinaro, 95 N.J. 380, 395, 471 A.2d 395 (1984). In Baumann, the Court found that alleged attorney, jury, and trial court errors did not constitute exceptional circumstances sufficient to justify relief from a judgment. In reaching that conclusion, the Court compared two United States Supreme Court decisions construing the analogous federal rule. Those decisions suggest that, for purposes of R. 4:50 — 1(f), exceptional circumstances require a showing of inability to plead or defend based on factors beyond the delinquent party’s control, e.g., indigency, incarceration, or lack of an attorney. These “factors beyond the delinquent party’s control” are similar to the factors suggesting exceptional circumstances for purposes of R. 4:23-5(a)(2). See Suarez v. Sumitomo Chemical Co., supra, 256 N.J.Super. at 689, 607 A.2d 1057. As plaintiffs have not established exceptional circumstances sufficient to avoid a dismissal with prejudice under R. 4:23-5(a)(2), they cannot establish exceptional circumstances under R. 4:50-1 (f).
Plaintiffs’ reliance on Housing Authority of Morristown v. Little, 135 N.J. 274, 639 A.2d 286 (1994), is misplaced. There, the Court held that a default judgment for possession in a summary dispossession action could be vacated under R. 4:50-1(f) where the landlord was a public housing authority, the dispossessed tenant was on public assistance and had five minor children, and the tenant paid the back rent in full three days after she was evicted from her apartment. The Court stated: “Courts should use Rule 4:50-1 sparingly, in exceptional situations; the Rule is designed to provide relief from judgments in situations in which, were it not applied, a grave injustice would occur.” Id. at 289, 639 A.2d 286. Noting the peculiar facts, including the housing authority’s public policy responsibility and the likelihood that the tenant would have been eligible for emergency rental assistance had she been permanently evicted, the Court affirmed the trial judge’s order under R. 4:50 — 1(f) vacating the prior default judgment. Plainly, no similar *119 public policy considerations militate in plaintiffs’ favor here, nor would a “grave injustice” occur if the judgment were enforced.
As plaintiffs have failed to establish (1) “exceptional circumstances” (2) a basis for relaxing R. 4:23-5(a)(2), or (3) applying R. 4:50-1, defendant’s motion is granted. Plaintiffs’ motion to vacate the dismissal without prejudice is correspondingly denied. Once the 90 days elapsed and defendant moved to dismiss with prejudice, the service of interrogatory answers could not avoid a dismissal with prejudice absent a showing of “exceptional circumstances.” The court will enter judgment dismissing the complaint with prejudice.